IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RACHEL WESTBROOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-02784-JTF-tmp |
| | ) | |
| BLUE CROSS BLUE SHIELD | ) | |
| OF TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Rachel Westbrook's ("Plaintiff") Complaint filed September 30, 2016. (ECF No. 1). This case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013). Plaintiff's motion to proceed *in forma pauperis* was granted on October 3, 2016. (ECF Nos. 2 & 6). On November 16, 2016, the Magistrate Judge issued his Report and Recommendation that Plaintiff's Complaint as against Teresa Sims, Jean Claire Doyle, and Aaron Smith pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) be dismissed *sua sponte*. (ECF No. 8). To date, no objections have been filed.

After reviewing the Magistrate Judge's Report and Recommendation and Plaintiff's Complaint, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation.

**I.     FINDINGS OF FACT**

This Court adopts and incorporates the thorough analysis of the Magistrate Judge's summary of the background and proposed findings of facts in this case. *See* (ECF No. 8).

1

## II. LEGAL STANDARD

### A. Standard for District Court's Review of a Report and Recommendation

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)). Any party who disagrees with a magistrate judge's recommendation may file written objections to the report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). When a party fails to timely object to a magistrate judge's recommended decision, it waives any right to further judicial review of that decision. *Id*. at 149 n.7; *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

### B. Standard for Motion To Dismiss

When assessing a plaintiff's claim at the motion-to-dismiss stage, the Sixth Circuit has stated that the court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). A complaint need not have specific facts, it need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erikson v. Pardus*, 551 U.S. 89, 93 (2007)). However, the courts have also emphasized that the complaint must raise more than labels, conclusions, or a "formulaic recitation of a cause of action's elements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The threshold inquiry in determining if the moving party is entitled to dismissal is whether the plaintiff has "provided the 'grounds' of his entitle[ment] to relief." *Id*. at 555.

A complaint can survive a motion to dismiss if it contains "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" if the plaintiff provides enough factual allegations for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. As the *Iqbal* Court explains, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. If the complaint merely pleads facts that are parallel to the defendant's liability, then the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 678 (quoting *Bell Atlantic Corp.*, 550 U.S. at 557).

"*Pro se* complaints are held to a less stringent standard than pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted).

### III.   ANALYSIS

Plaintiff filed a *pro se* complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964 against her former employer, Blue Cross Blue Shield of Tennessee ("Blue Cross"). In addition to Blue Cross, Plaintiff also named three individuals as defendants. These individuals are Teresa Sims, Westbrook's supervisor at the time of her termination; Jean Claire Doyle, a representative from Blue Cross's human resource department; and Aaron Smith, who is otherwise unidentified in Plaintiff's Complaint. The Sixth Circuit has interpreted Title VII to impose no individual liability on managers or supervisors who do not also qualify as

3

employers under Title VII.  *See Wathen v. General Electric Co.*, 115 F.3d 400, 403-06 (6th Cir. 1997); *see also Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 496 (6th Cir. 2016).  Therefore, the Magistrate Judge properly recommends that Plaintiff's Title VII complaint be dismissed *sua sponte* as against Teresa Sims, Jean Claire Doyle, and Aaron Smith pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

## IV.　CONCLUSION

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation.

IT IS THEREFORE ORDERED that Plaintiff's Complaint against Teresa Sims, Jean Claire Doyle, and Aaron Smith is DISMISSED.

**IT IS SO ORDERED** on this 22nd day of December, 2016.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge